IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW COOKE, ON BEHALF OF ) <br> THE ANDREW R. COOKE 1998 TRUST, ) <br> Individually and on Behalf of All Others ) <br> Similarly Situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> EQUAL ENERGY LTD., et al., ) <br> ) <br> Defendants. ) | Master Docket <br> CIV-14-0087-C <br> (consolidated with CIV-14-0047-C, <br> CIV-14-0058-C, CIV-14-0114-C) |

MEMORANDUM OPINION AND ORDER

Four cases seeking class action status have been filed against Defendant Equal Energy and certain of its board members. Each action raises claims pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4. Those cases are: Johan A. Van Weelden v. Equal Energy, Ltd., et al., Case No. CIV-14-0047-C; Anthony Montemarano v. Equal Energy Ltd., et al., Case No. CIV-14-0058-C; Andrew Cooke v. Equal Energy Ltd., et al., Case No. CIV-14-87-C, and Jonathan Scripture v. Equal Energy Ltd., et al., Case No. CIV-14-0114-C. Before the cases may proceed further, several initial procedural steps are required by the PSLRA. First, once a complaint has been filed, notice must be provided to the potential members of the proposed plaintiff class in a national business-oriented publication or wire service. See 15 U.S.C. § 78u-4(a)(3). This step was completed as the required notice was published on Businesswire.com on January 30, 2014. The second step involves appointment of a lead plaintiff. To comply with this step, not later than 60 days after the date that notice is published, any member of the purported class who wishes to serve

as Lead Plaintiff must file a request with the Court. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Here, three individuals seek the role of Lead Plaintiff – Garry Mitinas, Jonathan Scripture, and Andrew Cooke. In addition to each individual seeking the position of Lead Plaintiff, each also seeks consolidation of these actions into a single case. That request for consolidation requires a brief detour as the statute requires the issue of consolidation be resolved before appointing a Lead Plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Under subparagraph (B)(ii), the question on consolidation concerns whether each action asserts substantially the same claim or claims arising under this title. This language is consistent with Fed. R. Civ. P. 42(a), which states: "If actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions." The allegations of each Complaint are almost identical and each Complaint raises claims under the PSLRA. Further, no potential Lead Plaintiff objects to consolidation; rather, each requests it. Accordingly, the Court finds that consolidation is proper. The cases listed above shall be consolidated into a single case known as <u>Andrew Cooke, on behalf of the Andrew Cooke 1998 Trust, Individually and on Behalf of All Others Similarly Situated v. Equal Energy, Ltd., et al</u>.

Back to the second step of appointment of a lead plaintiff: determination of which person should be appointed as Lead Plaintiff is governed by § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc):

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that–
>     (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

>  (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

In analyzing the requests of the three individuals seeking appointment, the Court will start with subparagraph (bb) as that will streamline the process. See In re Cendant Corp. Litigation, 264 F.3d 201, 262 (3d Cir. 2001) (noting first step in the process is to identify the potential lead plaintiff with the largest financial interest). All persons seeking appointment as Lead Plaintiff appear in agreement regarding the number of shares owned by each. The facts presented by the applicants demonstrate that Mr. Cooke owns the most shares, followed by Mr. Scripture, and that Mr. Mitinas has the least number of shares. Accordingly, the Court will first consider whether Mr. Cooke can satisfy the requirements for appointment.

In accord with subparagraph (aa) set forth above, each person seeking appointment as Lead Plaintiff has filed a Complaint or made the requisite motion. Mr. Mitinas argues that Mr. Cooke's request for appointment must be rejected as it is defective. According to Mr. Mitinas, the sworn certification required by § 78u-4(a)(2)(A) was not filed with Mr. Cooke's Complaint, precluding Mr. Cooke from qualifying as Lead Plaintiff.

In In re USEC Securities Litigation, 168 F.Supp.2d 560 (D. Md. 2001), the court considered the question of defects in a certification filed with an initial complaint. In finding that the defect present in that case was not sufficient to exclude the proposed lead plaintiff, the court noted that pursuant to Fed. R. Civ. P. 15(a), the plaintiffs could amend their complaints before responsive pleadings were served and any late filing of the required

certifications would relate back to the filing of the original complaint under Rule 15. Although Mr. Cooke's certification was not attached to his Complaint, it was filed as Dkt. No. 10 in CIV-14-87. From review of that document, it is apparent that it was executed on January 28, 2014, well within the time frame set forth by the PSLRA. It is also apparent on its face that the certification meets the requirements of the PSLRA. Accordingly, the Court finds that the failure of Mr. Cooke's counsel to append the certification to his Complaint is not a fatal defect which would exclude Mr. Cooke from consideration as Lead Plaintiff.

Finally, to satisfy subparagraph (cc) "the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that [he] satisfies the typicality and adequacy requirements of Rule 23." In re Olsten Corp. Sec. Litig., 3 F.Supp.2d 286, 296 (E.D.N.Y.1998). "Typicality is generally satisfied when the plaintiff's claims arise from the same course of conduct, series of events, or legal theories as the claims of other class members." In re XM Satellite Radio Holdings Sec. Litig., 237 F.R.D. 13, 18 (D.D.C. 2006). The allegations of wrongdoing set forth in Mr. Cooke's Complaint demonstrate that his claims for relief are essentially identical to those of the other class members in each of the four filed cases. Mr. Cooke has alleged the same injury and the same cause of action as each member of the potential class. Mr. Cooke has demonstrated typicality.

"The adequacy of a lead plaintiff is determined by considering whether the plaintiff 'has the ability and incentive to represent the claims of the class vigorously,' has retained 'adequate counsel,' and if there exists any 'conflict between [the movant's] claims and those asserted on behalf of the class.'" In re XM, 237 F.R.D. at 18, quoting Hassine v. Jeffes, 846

F.2d 169, 179 (3d Cir.1988). Given the shares owned by Mr. Cooke and the assertions made on his behalf, the Court finds Mr. Cooke has the ability and the incentive to vigorously pursue claims on behalf of the class. Mr. Cooke has satisfied the adequacy requirement. Having satisfied the requirements of the statute, Mr. Cooke is entitled to presumptive Lead Plaintiff status. Any party may now seek to overcome that presumption by making the showing required by subparagraph 3(B)(iii)(II).

Subparagraph 3(B)(iii)(II) states that the presumption may be rebutted only upon "proof" by a member of the purported class. Mr. Mitinas takes up this challenge, arguing that Mr. Cooke cannot satisfy the Rule 23 requirements as his counsel represent certain parties in a state court action being brought against Defendants. According to Mr. Mitinas, counsel potentially have a conflict in representing the Plaintiffs in this case and representing the plaintiffs in the state case, as there may be differences of opinion or strategy in representing the two classes. Fatal to the challenge of Mr. Mitinas is that he has offered no proof of conflict. Rather, he has offered only speculation and conjecture of possible or potential conflicts. Consequently, the Court finds that Mr. Mitinas has failed to meet his burden in overcoming the presumption in favor of Mr. Cooke.

15 U.S.C. § 78u-4(a)(3)(B)(iii) vests authority in the Lead Plaintiff to select and retain Lead Counsel. The Court should not disturb Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." In re Cavanaugh, 306 F.3d 726, 730 (9th Cir. 2002). Cooke requests appointment of Robbins Geller Rudman & Dowd LLP as Lead Counsel. After considering the argument and evidence in support of Robbins Geller, the

5

Court finds that they are adequate to protect the interests of the class and there is no basis to upset Mr. Cooke's selection of them as Lead Counsel. Mr. Cooke also requests that Derryberry & Naifeh, LLP, of Oklahoma City, be appointed as local counsel and the Court finds that appointment is also appropriate.

For the reasons set forth herein, the Court finds that consolidation of the four cases noted above is appropriate. The Court further finds that Plaintiff Andrew Cooke should be appointed as Lead Plaintiff and that his selection for Lead Counsel should be approved. Accordingly, the above cases are hereby consolidated, by agreement of counsel, for all purposes. Case Nos. CIV-14-0047-C, CIV-14-0058-C, and CIV-14-0114-C are hereby administratively closed. All future pleadings shall be filed in the master file only (Case No. CIV-14-0087-C). There will be no further filings in Case Nos. CIV-14-0047-C, CIV-14-0058-C, or CIV-14-0114-C.

IT IS SO ORDERED this 8th day of May, 2014.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge